**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10648 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00349-JSW |
| v. | |
| SERGIO IVAN GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Sergio Ivan Gutierrez appeals from the district court's judgment and

challenges the 144-month sentence imposed following his jury-trial conviction for

one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and seven counts of mail fraud, in violation of 18 U.S.C. § 1342. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gutierrez contends that the district court erred by failing to give him notice as required by Federal Rule of Criminal Procedure 32(h) before imposing an upward departure. Because the district court imposed a variance rather than a departure, Rule 32(h) does not apply. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008).

Gutierrez also contends that the district court procedurally erred by improperly relying on Gutierrez's failure to apologize to the victims, and by failing to give a sufficient explanation for the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court properly considered Gutierrez's personal characteristics, including his lack of contrition and failure to apologize, in the context of the 18 U.S.C. § 3553(a) sentencing factors, and adequately explained the sentence imposed. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Gutierrez further contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Gutierrez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence nine months above the

Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Gutierrez's failure to acknowledge the substantial harm to his victims, and the need for deterrence and protection of the public. *See id.*

**AFFIRMED.**